**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| KRISTEN LESORGEN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:22-cv-50375 |
| v. | Hon. Iain D. Johnston |
| MONDELĒZ GLOBAL, LLC, | |
| Defendant. | |

**MONDELĒZ GLOBAL, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Jason P. Stiehl
Erika A. Dirk
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com
edirk@crowell.com

*Attorneys for Mondelēz Global, LLC*

## TABLE OF CONTENTS

BACKGROUND ....................................................................................................................3

ARGUMENT ........................................................................................................................4

I.     PLAINTIFF LACKS STANDING UNDER RULE 12(B)(1) .........................................4

      A.    Plaintiff Lacks Article III Standing. .....................................................................5

      B.    Plaintiff Lacks Class Standing to Assert Claims on Behalf of Non-
           Illinoisans.................................................................................................................6

      C.    Plaintiff Has No Standing to Pursue Injunctive Relief...................................6

II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6). ...........................7

      A.    Plaintiff's ICFA Claim Fails Because No Reasonable Consumer
           Would Misinterpret "Original Flavor" in the Manner Plaintiff
           Suggests....................................................................................................................8

      B.    Plaintiff Fails to Plead Her ICFA and Fraud Claims with
           Particularity...........................................................................................................11

      C.    Plaintiff's Warranty Claims Fail. .....................................................................12

      D.    The Economic Loss Doctrine Bars Plaintiff's Negligent
           Misrepresentation Claim. ..................................................................................14

      E.    Plaintiff's Unjust Enrichment Claim Is Fatally Duplicative..............................14

CONCLUSION......................................................................................................................15

CHIACTIVE-17681291.2

Defendant Mondelēz Global, LLC ("MDLZ") submits the following memorandum in support of its motion to dismiss Plaintiff Kristen Lesorgen's ("Plaintiff") Complaint.

## INTRODUCTION

Counsel for Plaintiff has repeatedly and unsuccessfully asserted the same litany of claims against MDLZ in an attempt to find a lawsuit that sticks. This one is as meritless as a recently dismissed case: *Troutt v. Mondelez Global LLC*, No. 21-CV-01279-SPM, 2022 WL 16552956 (S.D. Ill. Oct. 31, 2022) (SS)[1]. MDLZ accordingly provided Plaintiff's counsel with proper notice under Rule 11 so that the suit could be withdrawn. It was not, and so MDLZ incurred the costs of preparing the instant motion to dismiss. MDLZ sells gum under the Trident brand labeled "Original Flavor" with an image of a blue leaf. The gum's packaging does not claim that it is "made with real mint." The ingredients are available in a list on the gum's packaging for any potential consumer to see. *See* ECF No. 1 ("Compl.") ¶ 17. Nevertheless, Plaintiff sued MDLZ, claiming the company's advertising (1) violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), (2) violated various state consumer fraud acts, (3) breached an express warranty, implied warranties of merchantability and fitness for a particular purpose, and the Magnuson Moss Warranty Act ("MMWA"), (4) negligently misrepresented the gum's attributes, (5) supported a claim for common law fraud, and (6) unjustly enriched MDLZ. Plaintiff seeks both damages and injunctive relief. *See* Compl., *generally*.

The present case is yet another of the numerous "unreasonable and unactionable" lawsuits filed by counsel for the Plaintiff, warranting dismissal of the complaint in its entirety, with prejudice. *See Lemke v. Kraft Heinz Food Co.*, No. 21-CV-278-WMC, 2022 WL 1442922, at *5

---

[1]     Cases cited in this brief brought by Plaintiff's counsel include the designation "(SS)" for convenience.

(W.D. Wis. May 6, 2022) (SS) ("[T]his court agrees with the recent decisions issued by the Northern and Southern District Courts of Illinois, as well as the Southern District of New York, in rejecting other suits brought by plaintiff's counsel for advancing an interpretation of a product's packaging that is "unreasonable and unactionable."). This case should meet the same fate as the *Troutt* lawsuit.

## BACKGROUND

MDLZ sells a variety of flavored chewing gum under the Trident brand. The gum at issue in this case is labeled "Original Flavor" and comes in a blue package containing an image of a blue leaf. Compl. ¶ 1. Pointing to a mix of sources (including market research agencies, trade journals, "one commentator" from PreparedFoods.com, and a "flavor expert" without a source), the word "[r]efreshingly," the "venation pattern on the pictured leaf," and the popularity of mint-flavored gum, Plaintiff alleges that she expected the gum's taste came from mint or peppermint ingredients. *Id.* ¶¶ 2, 5-6, 10-12, 14-16, 18. Plaintiff acknowledges that MDLZ does not use the terms "mint" or "peppermint" on the gum's packaging and that the product's ingredient list[2] states the gum contains natural and artificial flavor. *Id.* ¶ 17. Plaintiff purchased the gum at a Meijer in Sycamore, Illinois between August and October 2022. *Id.* ¶ 35. She alleges that the "added natural and artificial flavor simulates, resembles and/or reinforces its characterizing flavor of mint or peppermint, and is required to be disclosed prominently on the front label to consumers," and that the value of the product she purchased was materially less than its value as represented by MDLZ. *Id.* ¶¶ 20-22. Based on these allegations, Plaintiff brings a slew of claims on behalf of a putative class of Illinois consumers and a "Consumer Fraud Multi-State Class" consisting of individuals

---

[2] This ingredient list, as required by the FDA, lists all ingredients in the product and confirms that the gum contains no mint and does contain natural and artificial flavors. *See* Compl. ¶ 17 (containing an image of the gum's ingredient list).

3

who purchased Trident "Original Flavor" gum in South Dakota, South Carolina, Kentucky, Utah, Idaho, Alaska, Virginia, Virginia, and Wyoming. *Id.* ¶ 45.

<u>ARGUMENT</u>

This Court can dismiss this case entirely pursuant to Fed. R. Civ. P. 12(b)(1), as Plaintiff does not allege an injury in fact. Moreover, she seeks to represent a multi-state class despite the fact she is an Illinois resident who has not alleged she made any purchases outside Illinois. She also seeks injunctive relief, despite now being aware of the purportedly deceptive advertising.

Plaintiff claims also fail under Fed. R. Civ. P. 12(b)(6). Plaintiff rests her consumer fraud claim on an objectively unreasonable interpretation of "Original Flavor." Further, she does not allege sufficient facts to satisfy the particularity requirement of Fed. R. Civ. P. 9(b) with respect to her ICFA and common law fraud claims. Plaintiff's warranty and tort claims fare no better. As to the warranty claims, Plaintiff provided no pre-suit notice of the gum's alleged defect, which bars recovery under any breach of warranty theory. Many reasons further support dismissal: (1) her MMWA claim falls with the other warranty claims, and (2) her implied warranty of fitness for a particular purpose claim fatally neglects to mention any particular purpose. As for the purported negligent misrepresentation claim, the economic loss doctrine bars her claim. Finally, her unjust enrichment claim is duplicative of her consumer fraud and warranty claims and thus fails. Because an amendment to these claims would be futile, dismissal with prejudice is warranted.

**I.     PLAINTIFF LACKS STANDING UNDER RULE 12(B)(1)**

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. Lack of standing is jurisdictional. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). To establish standing, a plaintiff must show injury-in-fact, causation, and redressability. *Citizens Against Ruining the Env't v. E.P.A.*, 535 F.3d 670, 675 (7th Cir. 2008). Because standing "must be supported in the same way as any other matter on which the plaintiff

4

bears the burden of proof," courts turn to *Twombly-Iqbal's* plausibility requirement when defendants challenge standing. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

Plaintiff lacks standing on three fronts: (A) she alleges no injury in fact, as Article III requires; (B) she cannot pursue claims under the laws of states where she does not reside and was not injured; and (C) she is now aware of the alleged defect and may not seek injunctive relief. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### A. Plaintiff Lacks Article III Standing.

Article III of the Constitution restricts the power of federal courts to hear only "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. Thus, to establish constitutional standing, a plaintiff must allege sufficient facts to show an injury in fact that is concrete and particularized, actual or imminent, causally linked to the complained-of conduct, and redressable by the court's ruling. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017).

Here, Plaintiff's alleged injury relies on the allegation that she saw the phrase "Original Flavor" and an image of a mint leaf on a pack of gum and paid more than she would have had she known that representation was allegedly false. Compl. ¶ 22. An injury based on Plaintiff's subjective belief that "Original Flavor" meant the gum contained real mint, however, constitutes no injury at all. *Wheeler v. Panini Am., Inc.*, No. CV 22-00763 (BAH), 2022 WL 17039208, at *6 (D.D.C. Nov. 17, 2022) (SS) (dismissing similar claims with prejudice because none of plaintiff's theories for relief were premised on a concrete injury: her allegation that she overpaid for a deck of cards because defendant put lottery instructions inside the box rather than outside and her allegation of a procedural violation based on the failure to put the instructions on the outside of the box each failed to satisfy Article III).

5

### B.    Plaintiff Lacks Class Standing to Assert Claims on Behalf of Non-Illinoisans.

Additionally, standing requirements are not set aside just because a suit proceeds as a class action. *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). Named plaintiffs "must possess the same interest and suffer the same injury shared by all members of the class [s]he represents." *Keele v. Wexler*, 149 F.3d 589, 592–93 (7th Cir. 1998).

"A plaintiff seeking to represent a class must personally have standing." *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 394 (S.D.N.Y. 2021) (SS) (citation omitted). Courts regularly dismiss putative class claims where the proposed representative lacks standing to bring them. *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 731–35 (N.D. Ill. 2015). For example, in *Brown v. Auto-Owners Insurance Co.*, No. 1:21-cv-02597, 2022 WL 2442548, *1 (N.D. Ill. June 1, 2022), an Illinois plaintiff sued on behalf of himself and out-of-state plaintiffs in Arizona, Kentucky, Utah, and Wisconsin. The court explained that "Plaintiffs cannot possess the same interest or suffer the same injury shared by all members of the class they wish to represent where Plaintiffs have no connection to [those states] and suffered no injury under those states' laws." *Id.* at *2. The court further stated, "[d]iscovery cannot fix the fact that Plaintiffs' have no injury under Arizona, Kentucky, Utah, or Wisconsin law." *Id.* at *3.

Plaintiff alleges only that she is an Illinois citizen and bought Trident "Original Flavor" gum at a Meijer in Illinois, "on one or more occasions within the statutes of limitations." Compl. ¶ 35. She pleads no injury in any way connected to South Dakota, South Carolina, Kentucky, Utah, Idaho, Alaska, Virginia, Virginia, and Wyoming. Accordingly, Counts 1 and 2 should be dismissed with prejudice for lack of standing.

### C.    Plaintiff Has No Standing to Pursue Injunctive Relief.

Plaintiff does not bring a separate claim for injunctive relief but includes it as a sought remedy in her prayer for relief and alleges that she "seeks class-wide injunctive relief because the

practices continue." Compl. ¶ 52. Injunctive relief is unavailable here. *See Bartosiake v. Bimbo Bakeries USA, Inc.* No. 21-CV-04495, 2022 WL 4552025, at *2 n.1 (N.D. Ill. Sept. 29, 2022) (SS) (dismissing injunctive relief claim for lack of standing). Plaintiff's allegation that she would purchase the gum again if she were assured its representations are consistent with its attributes (Compl. ¶ 43) does not spare the claim. *See Troutt*, 2022 WL 16552956, at *6 (SS) (no standing where "[t]here is no chance [plaintiff] can claim to be harmed in the future"); *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 238-39 (S.D.N.Y. 2020) (finding conditional promises to purchase product if product is altered cannot allege future injury). The Court should dismiss her request for injunctive relief with prejudice.

## II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Mere speculation does not pass the plausibility bar, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts owe legal conclusions no deference, *Iqbal*, 556 U.S. at 679. What's more, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Plaintiff's Complaint fails in its entirety. First, as courts have explained, there is a distinction between *flavor* and *ingredient*, and no reasonable consumer would interpret packaged gum labeled "Original Flavor" and a picture of a leaf to mean that the gum contained mint or peppermint as an ingredient. Second, Plaintiffs' ICFA and fraud claims do not allege specific facts, as Rule 9(b) requires. Third, Plaintiff's warranty claims are unviable: not only did she fail to notify MDLZ of the alleged defect pre-suit, but the MMWA claim cannot stand alone, and Plaintiff neglected to plead fitness for a particular purpose. Fourth, the economic loss rule bars her negligent misrepresentation claim. Fifth, her unjust enrichment claim is fatally duplicative.

CHIACTIVE-17681291.2

A.   **Plaintiff's ICFA Claim Fails Because No Reasonable Consumer Would Misinterpret "Original Flavor" in the Manner Plaintiff Suggests.**

To state a claim under the ICFA, Plaintiff must allege (1) a deceptive act or practice, (2) causation, and (3) damages. *Troutt*, 2022 WL 16552956, at \*3. "[A] statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020). Thus, to survive dismissal, Plaintiff must "plausibly allege[] that a reasonable consumer would be deceived" by the labeling of Trident "Original Flavor" gum. *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 754 (N.D. Ill. 2015). "[T]he reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Troutt*, 2022 WL 16552956, at \*3 (quoting *Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 973 (7th Cir. 2020)).

Courts in this district and others continue to grow less tolerant of fanciful allegations of consumer deception, with notably many driven by Plaintiff's counsel in this case. *See, e.g.*, *DeMaso v. Walmart, Inc.*, No. 21-cv-06334 (MMR), 2023 WL 1800208 (N.D. Ill. Feb. 7, 2023) (N.D. Ill. Feb. 6, 2023) (dismissing complaint alleging ice cream label misleading given presence of green mint leaf); *Reinitz v. Kellogg Sales Co.*, 2022 WL 1813891, at \*4 (C.D. Ill. June 2, 2022) (SS) (granting dismissal and explaining that "[p]laintiff fails to support that a chocolate-tasting fudge product made from oils and whey would mislead a reasonable consumer"); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at \*4 (SS) (N.D. Ill. Mar. 1, 2022) (dismissing complaint because "no reasonable consumer could conclude that the filling contains a certain amount of strawberries based on the package's images and its use of the term 'Strawberry'"); *Rice v. Dreyer's*

8

*Grand Ice Cream, Inc.*, 2022 WL 3908665, at *4 (SS) (N.D. Ill. Aug. 30, 2022) ("[A] reasonable consumer would not understand the front label to convey that the ice cream's coating consists only of chocolate and almonds[.]").[3]

Plaintiff's suit is premised on the theory that gum labeled "Original Flavor" with packaging containing an image of a leaf necessarily implies the presence of mint as an ingredient. *See* Compl. ¶¶ 10-16. Notably, Plaintiff points to no statement on the gum's packaging indicating that the gum is made with real mint. Plaintiff acknowledges that the flavor on the gum's packaging is characterized by the word "Original"—not by the words "mint" or "peppermint"—but claims that MDLZ "represent[s] the Product as 'mint' or 'peppermint' without any qualifying terms and Plaintiff expected its taste was from mint or peppermint ingredients," even though the words "mint" or "peppermint" appear nowhere on the gum's packaging. Compl. ¶¶ 13, 16. There is a key distinction, however, between a product's flavor and its ingredients. *See Pichardo v. Only What You Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020) (SS) (dismissing case, explaining, "reasonable consumers associate the word 'vanilla' with a flavor, not with an ingredient."). Reasonable consumers would not assume that "Original Flavor" and an image of a leaf amounts to a representation that the gum contains mint. As one district court in this circuit explained:

> Ice cream comes in many varieties: mint, banana, pistachio, bubble gum, birthday cake, just to name a few. A reasonable consumer would not assume from the name

---

[3] This jurisdiction is not alone in repeatedly dismissing claims brought by Plaintiff's counsel with prejudice. *See, e.g., Devey v. Big Lots, Inc.*, No. 21-CV-6688L, 2022 WL 6827447, at *4 (W.D.N.Y. Oct. 12, 2022) (SS) ("Plaintiff's counsel appears to have made misleading labeling claims somewhat of a cottage industry, having filed over 70 such cases in the Second Circuit, and a few dozen more in other circuits nationwide. The vast majority have already resulted in dismissal, for various reasons."); *Chung v. Igloo Products. Corp.*, No. 20-CV-4926 (MKB), 2022 WL 2657350, at *8 (E.D.N.Y. Jul. 8, 2022) (SS) (granting motion to dismiss where cooler's label advertising ice retention for up to 120 hours under controlled conditions would not mislead a reasonable customer).

CHIACTIVE-17681291.2

of the variety alone that the ice cream was flavored *by* the food identified in the name. Rather, the name indicates what flavor the ice cream will have.

*Tropp v. Prairie Farms Dairy, Inc.*, No. 20-1035, 2021 WL 5416639, at *5 (W.D. Wis. Nov. 19, 2021) (emphasis in original); *Wach v. Prairie Farms Dairy, Inc.*, 21 C 2191, 8 (N.D. Ill. May. 19, 2022) (same); *see also Zahora v. Orgain LLC,* No. 21 C 705, 2021 WL 5140504, at *4 (SS) (N.D. Ill. Nov. 4, 2021) ("[A] reasonable consumer's reading of the label would only lead her to expect a vanilla bean *flavor* from the Product, however that flavor might be derived.") (emphasis in original).

Courts have repeatedly dismissed consumer fraud claims in which a plaintiff similarly "alleges that a consumer will read a true statement on a package and will then . . . assume things about the products *other than* what the statement actually says." *Red v. Kraft Foods, Inc.*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012); *see also Cruz v. D.F. Stauffer Biscuit Co.*, No. 20-2402, 2021 WL 5119395, at *6 (S.D.N.Y. Nov. 4, 2021) ("Plaintiffs do not allege that the Product does not taste like lemons, and therefore a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is not misled."). Plaintiff's counsel has brought many suits premised on this theory—that a representation about a product's flavor amounts to a representation about its ingredients—and courts have consistently dismissed these suits. *See Tropp*, 2021 WL 5416639, at *4 (explaining that terms like "vanilla," without additional representations about the product's ingredients, merely "convey[] what the product tastes like, not *why* it tastes that way or what the source of the flavor is.").

Finally, the Complaint's reference to FDA regulations (Compl. ¶ 8, citing 21 C.F.R. § 101.22) does not save or support her claims. First, as an initial matter, the Food, Drug, and Cosmetic Act (the "FDCA"), pursuant to which the United States Food and Drug Administration (the "FDA") issues regulations, does not create a private right of action. *See* 21 U.S.C. § 337(a);

*see also, e.g., Benson v. Fannie May Confections Brands, Inc.,* 944 F.3d 639, 645-48 (7th Cir. 2019) (affirming dismissal of ICFA claim and noting that "[t]he FDCA does not create a private right of action"); *Yu v. Dreyer's Grand Ice Cream, Inc.*, 2022 WL 799563, at *5 (S.D.N.Y. Mar. 16, 2022) (SS). Second, a plaintiff "may not circumvent a lack of a private right of action in one statute by incorporating allegations of its violations into claims pleaded under another statute that does allow for a private right of action." *Yu*, 2022 WL 799563, at *5. Simply put, the federal regulations cited by Plaintiff are insufficient to establish that a reasonable consumer is likely to be misled by the representations regarding the flavor on the gum's label. *See id.* at *7. Her ICFA claim should be dismissed.

**B.    Plaintiff Fails to Plead Her ICFA and Fraud Claims with Particularity.**

Rule 9(b) requires parties who allege fraud to "state with particularity the circumstances constituting fraud or mistake." To state a claim for violating ICFA or common law fraud, a plaintiff must satisfy the heightened pleading requirements of Rule 9(b). *Benson*, 944 F.3d at 646; *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (an ICFA claim "must be pled with the same specificity as that required under common law fraud."). Rule 9(b) thus requires plaintiffs to identify the who, what, when, where, and how of the fraud alleged." *Benson,* 944 F.3d at 646. Moreover, "the facts alleged in a complaint attempting to show fraud under the ICFA must show not just the mere possibility of a fraud, but that fraud is a '*necessary or probable inference* from the facts alleged.'" *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (quoting *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992)).

Plaintiff's allegations fall well short of Rule 9(b)'s standard. As to MDLZ's alleged deception, she pleads only that she "relied on the representations and omissions to believe the Product contained mint or peppermint ingredients and not artificial flavoring." Compl. ¶ 54. She pleads this in spite of the fact that her own Complaint contains an image of the gum's ingredient

11

list, which clearly lists natural and artificial flavor, not mint or peppermint. Plaintiff's allegation that she was unaware the gum contained natural and artificial flavoring (Compl. ¶ 38) is belied by that ingredient list. *See Yu*, 2022 WL 799563, at *10 (SS) (dismissing fraud claim, finding that "ingredient list accurately discloses the presence of coconut and vegetable oil in the Product's coating"). These allegations do not even suffice to show the possibility of fraud, much less the requisite "necessary or probable inference from the facts alleged." *Spector*, 178 F. Supp. 3d at 672; *see also Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (affirming dismissal of ICFA claim under Rule 9(b) where plaintiff did not provide specifics). Accordingly, Plaintiff's ICFA and common law fraud claims should be dismissed.

### C.  Plaintiff's Warranty Claims Fail.

Plaintiff's warranty claims should likewise be dismissed with prejudice. First, Plaintiff did not provide statutorily required pre-suit notice. Second, her claims also fail because the MMWA claim cannot stand alone and Plaintiff neglected to plead fitness for a particular purpose.

#### 1.  Plaintiff's Claims Are Barred for Failure to Provide Pre-Suit Notice.

The Illinois Uniform Commercial Code "requires a plaintiff to notify the defendant of the claimed deficiency in its product prior to filing suit." *Anthony v. Country Life Manuf., LLC*, 70 F. App'x 379, 384 (7th Cir. 2003). Failing to provide notice prior to filing suit has consequences: a plaintiff must "directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584, 589 (Ill. 1996). The pre-suit notice requirement "applies to all the various beneficiaries of an implied or express warranty in addition to the purchaser of the goods." *Maldonado v. Creative Woodworking Concepts, Inc.*, 296 Ill. App. 3d 935, 940 (1998).

Plaintiff provided no pre-suit notice, barring her warranty claims. She does not even pretend to claim she notified MDLZ pre-suit. She instead tries to evade the UCC's bar on her

claims by saying she "provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties." Compl. ¶ 66. That is insufficient. *Cota v. Ralph Lauren Corp.*, No. 21-C-1089, 2022 WL 1597631, at *3 (E.D. Wis. May 19, 2022) (SS) (holding that identical "provided or will provide notice" language did not suffice as pre-suit notice and accordingly dismissing warranty claims). Plaintiff's warranty claims are thus barred.

### 2. Plaintiff's Warranty Claims Fail for Other Reasons.

While it is unnecessary for the Court to reach MDLZ's other warranty-related arguments given the lack of pre-suit notice, we set them out here.

### a. Plaintiff cannot sustain a claim under the MMWA.

Plaintiff's lack of pre-suit notice is also fatal to her Magnuson Moss Warranty Act claim. Such claims are tethered to the viability of a plaintiff's state-law warranty claims. *See Bartosiake,* 2022 WL 4552025, at *4 (SS) ("Because the state law warranty claims fail, the MMWA claim also fails."). Plaintiff's warranty claims thus fail as a whole.

### b. Plaintiff fails to plead fitness for a particular purpose.

To state a fitness for a particular purpose claim, Plaintiff must allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 802 (N.D. Ill. 2016). "No warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product." *Rosenstern v. Allergan, Inc.,* 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013); *see* U.C.C. § 2-315, cmt. 2. In *In re Rust-Oleum*, the court dismissed a fitness claim because it found that "resurfacing and protection were both explicitly advertised as customary uses" of an outdoor deck resurfacing product and thus

13

could not serve as a particular purpose. 155 F. Supp. 3d at 805; *see also CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17-cv-4993, 2018 WL 3970137, *6 (N.D. Ill. Aug. 20, 2018) (dismissing plaintiff's fitness claim because he pleaded no use other than product's ordinary use). Plaintiff pleads no particular purpose for the gum.

### D. The Economic Loss Doctrine Bars Plaintiff's Negligent Misrepresentation Claim.

A party may not "recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011); *see also Ibarolla v. Nutrex Res., Inc.*, 2012 WL 5381236, at *5-6 (N.D. Ill. Oct. 31, 2012) (dismissing negligence claims as barred by economic loss rule). "'Economic loss' includes damages for . . . 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.'" *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 721 (N.D. Ill. 2020).

Plaintiff alleges only economic loss from paying more than she would have had she known the gum derived its taste from natural and artificial flavors instead of mint ingredients. Compl. ¶¶ 23 ("As a result of the false and misleading representations and omissions, the Product is sold at a premium price, approximately no less than $2.99 for 14 sticks, excluding tax and sales[.]"), 41 ("Plaintiff paid more for the Product than she would have had she known the representations were false and misleading, as she would not have bought it or paid less."). Her claims thus cannot prevail.

### E. Plaintiff's Unjust Enrichment Claim Is Fatally Duplicative.

Because Plaintiff's unjust enrichment claim duplicates her other claims, it fails too. Courts routinely dismiss unjust enrichment claims where they rely on the same factual allegations as a false advertising claim. *See, e.g., Slafter v. Haier US Appliance Sols., Inc.*, No. 21-CV-01326-

14

SPM, 2022 WL 1912388, at *4 (S.D. Ill. June 3, 2022) (dismissing unjust enrichment claim with prejudice where it was "based on the same underlying conduct as his ICFA claim," and the ICFA claim failed). They also dismiss unjust enrichment claims that rely on the same facts as warranty claims. Plaintiff pleads no factual daylight between the three claims—they all hinge on MDLZ's allegedly deceptive "Original Flavor" and leaf image advertising. Compl. ¶¶ 54, 60-62, 78. The unjust enrichment claim meets the same fate as all the others. *Bartosiake*, 2022 WL 4552025, at *4 (SS).

**CONCLUSION**

Dismissal with prejudice is warranted here, just as it was in *Troutt*. While a court should freely give a party leave to amend its pleadings when justice so requires, it should deny leave to amend when the amendment would be futile. Fed. R. Civ. P. 15(a). MDLZ respectfully asks the Court to dismiss the Complaint with prejudice.

Dated: February 14, 2023

/s/ Jason Stiehl

Jason P. Stiehl
Erika A. Dirk
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com
edirk@crowell.com

*Attorneys for Mondelēz Global, LLC*

15

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that on February 14, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Illinois via the Court's CM/ECF system.

<u>/s/ Jason Stiehl</u>