UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KRISTEN LESORGEN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:22-cv-50375 |
| v. | Hon. Iain D. Johnston |
| MONDELĒZ GLOBAL, LLC, | |
| Defendant. | |

### MONDELĒZ GLOBAL, LLC'S MOTION FOR SANCTIONS

Defendant Mondelēz Global, LLC ("MDLZ"), through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of the court respectfully submits this motion for sanctions against Plaintiff's counsel. In support of this motion, MDLZ states as follows:

**I. INTRODUCTION**

MDLZ recognizes that requests for sanctions are not to be made lightly and does not do so here. MDLZ brings this motion because no other method of attempting to stop Plaintiff's counsel from forcing MDLZ to defend against frivolous lawsuits has worked thus far, and regardless of how many times courts dismiss the lawsuits brought against MDLZ by Plaintiff's counsel's firm, another one is filed, asserting the exact same claims. Here, MDLZ seeks relief from this expensive game of whack-a-mole.

**II. LEGAL STANDARD**

A district court has the authority to impose sanctions under Rule 11 if a pleading is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. Of*

1

*Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993); *see also Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 646 (7th Cir. 1992) ("Rule 11 clearly permits the court to award attorneys' fees to a party aggrieved by a lawyer whose 'motion, pleading or other paper' filed with the court is not the product of 'reasonable inquiry,' 'well grounded in fact and …warranted by existing law…or interposed for improper purpose such as to harass…or needlessly increase the cost of litigation'.").

In addition, a district court has discretion under Section 1927 of the United States Judicial Code to sanction an attorney when that attorney has "pursued a claim that is without a plausible legal or factual basis and lacking in justification or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *The Jolly Group v. Medline Industries Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

### III.    SANCTIONS ARE APPROPRIATE HERE.

#### A.    The Pleading Is Not "Warranted by Existing Law."

Over the past several months, Plaintiff's counsel has initiated litigation against a legion of companies alleging deceptive packaging claims similar to those asserted here, with identical causes of action to those in the instant complaint.[1] In this Circuit, when the court has had the opportunity to test the pleadings, courts have dismissed those claims, including several dismissals with prejudice, stating that an amendment to the pleadings would be futile. One of the most recent, and relevant, decisions came from the same court as this case is currently pending, issued by this Court in the *Gouwens v. Target Corporation* matter, Case No. 3:22-cv-50016, 2022 WL 18027524 (N.D. Ill. Dec. 30, 2022) (dismissed with prejudice on December 30, 2022).

---

[1] *E.g. DeMaso v. Walmart Inc.*, No. 21-CV-06334, 2023 WL 1800208 (N.D. Ill. Feb. 7, 2023); *Reinitz v. Kellogg Sales Co.*, No. 21-cv-1239-JES-JEH, 2022 WL 1813891 (C.D. Ill. June 2, 2022); *Rice v. Dreyer's Grand Ice Cream, Inc.*, No. 21-cv-3814, 2022 WL 3908665 (N.D. Ill. Aug. 30, 2022); *Huston v. Conagra Brands, Inc.*, No. 21-cv-4147-SLD-JEH, 2022 WL 4647251 (C.D. Ill. Sept. 30, 2022); *Cox v. Star Brands N. Am., Inc.*, No. 22-cv-141-NJR, 2022 WL 16786019 (S.D. Ill. Nov. 8, 2022); *Troutt v. Mondelēz Global LLC*, No. 21-cv-1279-SPM, 2022 WL 16552956 (S.D. Ill. Oct. 31, 2022).

2

Like here, the plaintiff in *Gouwens* alleged that she purchased a product expecting natural flavors, not artificial flavors, based upon the product's labeling. The plaintiff asserted identical causes of action to those Lesorgen asserts here: (1) Illinois Consumer Fraud; (2) other states' consumer fraud statutes; (3) breaches of warranty; (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment. The Court dismissed the complaint in its entirety, with prejudice, finding that the plaintiff's interpretation of the product's label was "fanciful and unreasonable".

Since Plaintiff's counsel has filed the instant lawsuit, similar lawsuits against MDLZ by his firm have met similar fates. *See Troutt v. Mondelēz Global LLC*, No. 21-cv-01279 (S.D. Ill.) (dismissing identical claims with prejudice); *Howze v. Mondelēz Global LLC*, No. 22-cv-351 (W.D.N.Y.) (same). In the context of these decisions, Plaintiff's counsel's continued pursuit of similar fanciful claims against MDLZ at this point can only be seen as vexatious and unwarranted by existing law. In such scenarios, sanctions are appropriate. *See Douglas v. Vill. of Palatine*, No. 17 C 6207, 2022 WL 474182, at *4 (N.D. Ill. Feb. 15, 2022), *appeal dismissed*, No. 22-1431, 2022 WL 4243965 (7th Cir. Apr. 25, 2022) (awarding $1000 in sanctions against counsel where counsel did "not justify the decision to repeat allegations that this court had already firmly rejected as a matter of law" and "took objectively unreasonable positions in litigating this case").

Finally, if the above wasn't enough guidance to discourage Plaintiff's counsel from continuing to pursue this case, last week, a sister court in this district dismissed a similar "mint" case with nearly identical pleadings. *See DeMaso v. Walmart, Inc.*, No. 21-cv-06334 (MMR), 2023 WL 1800208 (N.D. Ill. Feb. 7, 2023) (N.D. Ill. Feb. 6, 2023) (dismissing complaint alleging ice cream label misleading given presence of green mint leaf).

    **B.**    **Plaintiff's Counsel Already Has Been Admonished in Other Cases.**

Plaintiff's counsel tends to file the same copy-and-paste complaint in all his many cases, regardless of how frequently his claims have been dismissed. Courts have repeatedly admonished

3

him for doing so and have threatened sanctions. *See Gordon v. Target Corp.*, No. 20-CV-9589 (KMK), 2022 WL 836773, at *9 (S.D.N.Y. Mar. 18, 2022) ("This is far from the first time that Plaintiff's counsel has unsuccessfully attempted to argue that his client was entitled to injunctive relief under analogous circumstances . . . It should now be abundantly clear to Plaintiff's counsel that the Second Circuit has squarely foreclosed the possibility of injunctive relief for past purchasers and thus, that a claim for injunctive relief on behalf of a past purchaser is plainly frivolous. **Plaintiff's counsel is now on notice that should he attempt to bring such a claim before this Court again, the Court will impose Rule 11 sanctions**.") (emphasis added). Mere days after the *Gordon* opinion was issued, the court in another case reiterated the same warning. *See Turk v. Rubbermaid Inc.*, No. 21-CV-270 (KMK), 2022 WL 836894, at *6 (S.D.N.Y. Mar. 21, 2022) ("The Court reiterates its warning to Plaintiffs' counsel included in its recent decision in *Gordon v. Target Corporation*, No. 20-CV-9589, Dkt. No. 23, at 20 n.3 (S.D.N.Y. Mar. 18, 2022). **Should Plaintiffs' counsel attempt to bring another plainly frivolous claim for injunctive relief on behalf of a past purchaser before this Court, the Court will impose Rule 11 sanctions**.") (emphasis added).

In addition, courts in this district and Circuit have warned Plaintiff's counsel to consider Rule 11 when dismissing his lawsuits. *See Kinman v. Kroger Co.*, 604 F. Supp. 3d 720, 727 (N.D. Ill. May 27, 2022) (dismissing complaint and noting that its defect was "theoretically curable (though perhaps not within the bounds of Rule 11)"); *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505, at *10 (N.D. Ill. Mar. 1, 2022) (dismissing complaint and granting leave to amend only if it could be done "in accordance with this Opinion and Federal Rule of Civil Procedure 11"); *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1114 (S.D. Ill. 2022) (dismissing complaint and granting leave to amend, though the court was "reticent to do so" and

4

warned that an amended complaint must be "consistent with Rule 11 of the Federal Rules of Civil Procedure").

In cases like this one, sanctions are appropriate to deter serial filers. *See Grant v. Quinn*, No. 22-CV-301-SMY, 2022 WL 16839524, at *2 (S.D. Ill. Oct. 3, 2022) (dismissing suit and awarding sanctions where plaintiff had "a well-deserved reputation as a serial filer of frivolous litigation in various federal courts across the country" and had already been admonished twice by the court); *see also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (district courts have an inherent power to sanction a party who "abuses the judicial process").

### C. MDLZ Issued a Safe Harbor Letter.

Rule 11(c)(2) requires that a "safe harbor" letter be served upon the person involved. In accordance with Rule 11's safe harbor provision, on January 10, 2023, MDLZ's counsel sent Plaintiff's counsel a safe harbor letter, attached as Exhibit A. After 21 days passed, on January 31, 2023, Plaintiff's counsel did not respond to the letter, and MDLZ incurred the costs of drafting a motion to dismiss, which it has filed contemporaneously with this motion.

### D. Alternatively, MDLZ Seeks Its Reasonable Attorney's Fees and Costs Should It Prevail on Its Motion to Dismiss.

The ICFA provides the court with the authority to "award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 Ill. Comp. Stat. Ann. 505/10a(c); *see Harrington v. Von Baron Legal Team*, No. 22 CV 50007, 2022 WL 4234972, at *1 (N.D. Ill. Sept. 14, 2022) (Johnston, J.) (awarding reasonable attorneys' fees as provided under 815 ILCS 505/10a(c)). MDLZ accordingly seeks reimbursement for its reasonable attorney's fees and costs incurred in the preparation of its motion to dismiss.

5

**CONCLUSION**

For the foregoing reasons, MDLZ respectfully requests that the Court grant its motion for sanctions and award MDLZ its costs and fees associated with the drafting of a responsive pleading to the Complaint.

Dated: February 14, 2023         Respectfully submitted,

                                 /s/ Jason Stiehl


                                 Jason P. Stiehl
                                 Erika A. Dirk
                                 CROWELL & MORING LLP
                                 455 N Cityfront Plaza Dr., Suite 3600
                                 Chicago IL 60611
                                 Tel: (312) 840-3108
                                 jstiehl@crowell.com
                                 edirk@crowell.com

                                 *Attorneys for Mondelēz Global, LLC*

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney, hereby certify that on February 14, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Illinois via the Court's CM/ECF system.

<em>/s/ Jason Stiehl</em>