IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KRISTEN LESORGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONDELĒZ GLOBAL, LLC,<br><br>Defendant. | Case No. 3:22-cv-50375<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

When gum gets stuck somewhere it does not belong, conventional wisdom provides a host of remedies: ice cubes, peanut butter, vinegar, or olive oil. When a federal case gets stuck somewhere it does not belong, the Federal Rules of Civil Procedure provide a different, cleaner remedy: Rule 12.

Before the Court is Defendant Mondelēz Global, LLC's ("MDLZ") Rule 12(b)(1) and 12(b)(6) motion to dismiss. Dkt. 24. MDLZ manufactures and sells Trident "Original Flavor" gum. Dkt. 22, ¶ 1. Plaintiff Kristen Lesorgen alleges that she was deceptively lured into buying a pack of the "Original Flavor" gum after seeing the image of an unnaturally blue leaf with condensation bubbles on it. *Id.* at ¶¶ 1, 56–57, 59. Because of the image, she thought she would be chewing on gum with actual mint or peppermint in it, rather than gum with artificial mint flavor. *Id.* To her dismay, that was not the case. *Id.* at ¶ 58. Ms. Lesorgen's disappointment ballooned into a federal lawsuit, and she now brings sprawling allegations of consumer fraud and

1

seeks to create a class of those similarly situated both in Illinois and in eight[1] other states. (Technically, seven states and one commonwealth.) *See generally id.* at ¶ 65.

To get out of this sticky situation, MDLZ filed a motion to dismiss, arguing that no reasonable consumer would expect the gum to contain actual mint or peppermint as an ingredient. *See generally* Dkt. 25. The Court agrees, and for the following reasons, Ms. Lesorgen's claims are dismissed with prejudice.[2]

## STATEMENT OF ALLEGATIONS

Trident's "Original Flavor" packaging contains an image "identical" to a peppermint leaf. Dkt. 22, at ¶¶ 1, 10, 14. The "small bubbles" on the leaf, "presumably due to condensation," represent the "cooling sensation" consumers associate with mint products. *Id.* at ¶ 16 (internal quotations omitted).



---

[1] Ms. Lesorgen lists Virginia twice. The Court does not know if she accidentally copied Virginia twice, or if she meant to include West Virginia. The Court's analysis is not impacted by this ambiguity.

[2] Ms. Lesorgen appears to withdraw her request for injunctive relief. Dkt. 27, at 7 n. 1. But even if she did not intend to withdraw her request for injunctive relief, her request is denied because she is unlikely to succeed on the merits. *See Holbrook v. Rhyno Manufacturing, Inc.*, 497 F. Supp. 3d 319, 327 (N.D. Ill. 2020).

Ms. Lesorgen purchased the "Original Flavor" gum because, based on the packaging, she thought that the gum's mint "flavor was from mint or peppermint ingredients and not from artificial flavoring." *Id.* at ¶ 56, 57.

Ms. Lesorgen explains that "[e]ven though the labeling of the 'Original' does not contain the words 'mint' or 'peppermint,' the picture of the leaf and overall context of chewing gum products and flavors tells purchasers its flavor is mint." *Id.* at ¶ 15. According to the ingredient list on the back of the pack, the mint comes from "Natural and Artificial Flavor." *Id.* at ¶ 27. With respect to the natural flavor, according to "flavor expert" Robert Holmes, "because the ingredient list fails to identify any form of mint or peppermint ingredient, i.e., peppermint oil or peppermint extract, any mint would be de minimis or negligible as part of the 'natural flavor.'" *Id.* at ¶ 28.

Ms. Lesorgen would not have purchased the gum, or would have paid less for it, had she known the mint flavor was a product of artificial flavoring as opposed to mint ingredients. *Id.* at ¶¶ 58, 61.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires only that a plaintiff's complaint contain a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as prayer for the relief sought. Fed. R. Civ. P. 8(a). According to the Supreme Court, this means that the complaint's factual assertions, rather than any legal conclusions, must raise the plausible inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Reasonable inferences are drawn in favor of the plaintiff. *St. John v.*

3

*Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). The defendant, as the moving party, bears the burden of establishing that the complaint's allegations, taken as true, are insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## ANALYSIS

**I.  Ms. Lesorgen has standing to bring her claims and the Court defers judgment on whether Ms. Lesorgen has standing to bring claims on behalf of the proposed class members.**

Federal courts are courts of limited jurisdiction. *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). Article III of the United States Constitution limits federal courts' jurisdiction to resolving "Cases" and Controversies." U.S. Const. art. III § 2. This has come to mean that a plaintiff must have "standing" to sue, which requires a plaintiff to "have suffered an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." *Markakos*, 997 F.3d at 780 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

MDLZ's first argument is that Ms. Lesorgen lacks standing to sue in her own right. Dkt. 25, at 5–6. MDLZ specifically focuses on the injury-in-fact requirement. MDLZ argues that "[a]n injury based on Plaintiff's subjective belief that 'Original Flavor' meant the gum contained real mint, however, constitutes no injury at all." *Id.* at 6.

"An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Markakos*, 997 F.3d at 780 (cleaned up). "A financial injury creates standing." *Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 751 (7th Cir. 2011). Although

4

MDLZ narrowly focuses on Ms. Lesorgen's subjective belief, the standing inquiry is not as limited. A simple statement that Ms. Lesorgen would not have purchased the Trident "Original Flavor," or would have paid less for it, if not for MDLZ's alleged misrepresentations is sufficient to confer standing. *Aqua Dots Prods. Liab. Litig.*, 954 F.3d at 751; *Willard v. Tropicana Mfg. Co., Inc.*, 577 F. Supp. 3d 814, 825 (N.D. Ill. 2021); *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 986 (N.D. Ill. 2013). Ms. Lesorgen alleges just that. Dkt. 22, at ¶ 56 ("Plaintiff bought the Product because she saw and relied on the picture of the leaf which looked like a mint leaf, and in the context of a pack of gum, this seemed reasonable to her because she knew most gums were mint flavored."); *Id.* at ¶ 61 ("Plaintiff paid more for the Product than she would have had she known the representations were false and misleading, as she would not have bought it or paid less."). Accordingly, Ms. Lesorgen has standing to bring her claims in her own right.

MDLZ's argument concerning Ms. Lesorgen's standing to represent the out-of-state proposed class members is more complicated. Courts in this district are "split as to the appropriate time to consider a challenge to a named plaintiff's ability to represent a class with respect to claims under laws of states in which the named plaintiff does not reside." *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 U.S. Dist. LEXIS 44875, at *12–14 (N.D. Ill. Mar. 28, 2017) (collecting cases). The Court, however, believes this question to be "best deferred to the class certification stage." *Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1009 (N.D. Ill. 2015). The standing issue "would not exist but for" Ms. Lesorgen's "assertion of

state law claims on behalf of class members in those states." *Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 U.S. Dist. LEXIS 104114, at \*25 (N.D. Ill. Nov. 5, 2009). Thus, "any standing issues arise from plaintiff's attempts to represent the proposed class." *Id.* (internal quotations omitted). The class certification issue is "logically antecedent" to the standing concerns. *Id.*; *Payton v. Cnty. of Kane*, 308 F.3d 673, 680 (7th Cir. 2002). The Court, therefore, defers judgment on this issue.

## II. Ms. Lesorgen's fails to state claims upon which relief could be granted.

Ms. Lesorgen alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, and similar "State Consumer Fraud Acts." Dkt. 22, at ¶¶ 73-77. She also alleges breaches of express warranty, implied warranties of merchantability/fitness for a particular purpose, and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq. Id.* at ¶¶ 78–89. To top it off, she adds claims of negligent misrepresentation, fraud, and unjust enrichment. *Id.* at ¶¶ 90–98. In other words, she pleads the proverbial kitchen sink. This type of blunderbuss pleading leaves the reader wondering if any of the claims have merit.

### 1. ICFA and Similar State Law Claims

The ICFA is a "regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). To state a claim under the ICFA, the plaintiff must allege four elements: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff

6

rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Id.*

Ms. Lesorgen challenges an allegedly "deceptive" practice. *See generally* Dkt. 22, at ¶¶ 56, 73–75. "[A] statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). "[I]t is not enough to allege that the product misled a particular plaintiff." *Matthews v. Polar Corp.*, No. 22-cv-649, 2023 U.S. Dist. LEXIS 48467, at *14 (N.D. Ill. Mar. 22, 2023). Rather, the statement must be "likely to deceive a *reasonable* consumer." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972–73 (7th Cir. 2020) (emphasis added). In other words, there must be a "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 474 (7th Cir. 2020) (internal quotations and citation omitted). This is *not* the least sophisticated consumer test. *Cf. Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012).

Whether a statement is deceptive is usually a question of fact. *Rudy v. Family Dollar Stores, Inc.*, 583 F. Supp. 3d 1149, 1158 (N.D. Ill.2022). However, a court may dismiss a ICFA claim "if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015). "Where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Rudy*, 583 F. Supp. 3d at 1158–59 (cleaned up).

7

At most, Trident "Original Flavor" packaging hints that its flavor is mint, *not* that its ingredients include mint or peppermint. Ms. Lesorgen's case is just like that in *DeMaso v. Walmart, Inc.*, No. 21-cv-06334, 2023 U.S. Dist. LEXIS 20316 (N.D. Ill. Feb. 7, 2003), also filed by Ms. Lesorgen's counsel. *DeMaso* involved Great Value brand's Fudge Mint Cookies. *Id.* at *1. The packaging of the box of cookies was green, included the words "fudge *mint*," and had pictures of two green mint leaves next to the word "mint." *Id.* at *1–2 (emphasis added). The plaintiff alleged that he expected the cookies to include mint ingredients as opposed to mint artificial flavor. *Id.* at *2–3. The court, in granting the motion to dismiss, explained that the "front label makes no specific ingredient claim at all." *Id.* at *4. Rather, "[i]t simply describes the entire product as "Fudge Mint Cookies." *Id.* at *10. What's more, "like ice cream, mint products are routinely identified by their flavor, not by their ingredients." *Id.* at *10–11 (internal quotations and citation omitted).

Like the packaging in *DeMaso*, the Trident "Original Flavor" gum does not include a "specific ingredient claim." *Id.* at *4; *see* Dkt. 22, at ¶1. The packaging explicitly states that the gum is Trident's "Original *Flavor*" Dkt. 22, at ¶2 (emphasis added). The packaging doesn't even use the word "mint." Further, mint leaves in a garden are green, and the mint leaves on the Trident packaging are blue. *Id.* And, even assuming a reasonable person could somehow believe "Original Flavor" combined with a blue leaf equated to "mint," mint products, including gum, "are routinely identified by their flavor, not by their ingredients." *DeMaso*, 2023 U.S. Dist. LEXIS 20316, at *10–11. Thus, it is "unreasonable" and "fanciful" to think that a

8

reasonable consumer would expect there to be mint ingredients as opposed to mint flavor based on MDLZ's packaging. *Id.* at *4–5; *Rudy*, 583 F. Supp. 3d at 1158–59.

Ms. Lesorgen's ICFA claim is dismissed with prejudice. Dkt. 22, at ¶¶ 73–75. Because Ms. Lesorgen concedes that the "Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to" the ICFA, and that the members of the proposed class were harmed in the same way as Ms. Lesorgen, the State Consumer Fraud Acts claims are also dismissed with prejudice. *Id.* at ¶¶ 76–77.

### 2. Breaches of warranty and Magnuson Moss Warranty Act ("MMWA"), negligent misrepresentation, fraud, and unjust enrichment

The Court can make short order of Ms. Lesorgen's state-law and MMWA claims because they are based on the same theory of deception as that alleged in the ICFA claim. *See DeMaso*, 2023 U.S. Dist. LEXIS 20316, at *11–13.

Ms. Lesorgen's remaining claims are for breach of express and implied warranties, violation of the MMWA, negligent misrepresentation, common law fraud, and unjust enrichment. Dkt. 22, at 78–98. Like Ms. Lesorgen's ICFA claim, each claim is premised on the argument that MDLZ's packaging of Trident "Original Flavor" gum is false, deceptive, and misleading. *See* Dkt. 22, at ¶ 88 (alleging breach of express warranty, implied warranty, and violation of the MMWA because the gum "did not conform to its affirmations of fact and promises"); ¶ 90 (alleging negligent misrepresentation because MDLZ "had a duty to truthfully represent" its product, which it breached); ¶ 96 (alleging fraud because MDLZ "misrepresented and/or omitted the attributes and qualities" of the gum, "that it contained mint or

9

peppermint ingredient and not artificial flavoring"); ¶ 98 (alleging unjust enrichment because the product "was not as represented and expected").

The Court's conclusion that MDLZ's labeling was not deceptive, misleading, or false as a matter of law is fatal to these claims. *See Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 U.S. Dist. LEXIS 90233, at *15–16. Therefore, such claims are dismissed with prejudice.

### III. Ms. Lesorgen's counsel is reminded of his obligations under Rule 11.

The Court is aware of Judge Seeger's recent warning to Ms. Lesorgen's counsel. The Court echoes Judge Seeger's sentiment, and reminds Ms. Lesorgen's counsel of his obligations under Federal Rule of Civil Procedure 11.

Spaghetti is best eaten, not thrown at walls. Ms. Lesorgen's counsel is instructed to file and email the Court a copy of the spreadsheet that Judge Seeger requested in *Guzman v. Walmart Inc.*, No. 22-cv-3465 (N.D. Ill. 2023) with this Court by June 1, 2023.

## CONCLUSION

For the foregoing reasons, MDLZ's motion to dismiss [24] is granted. Ms. Lesorgen's complaint is dismissed with prejudice. She has already amended her complaint once before. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518-19 (7th Cir. 2015). Further amendments are futile. The Court thereby terminates this civil case.

Date: May 19, 2023

_____
Honorable Iain D. Johnston
United States District Judge